UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER R. SCHWARTZ<br>AND SUSAN SCHWARTZ | CIVIL ACTION |
| VERSUS | NO. 06-7531 |
| MARTIN INSURANCE AGENCY,<br>GEMELLE MARTIN LINZY<br>AGENCY, INC. AND FIDELITY<br>NATIONAL PROPERTY AND<br>CASUALTY INSURANCE COMPANY | SECTION: "C" |

## ORDER AND REASONS

Before this Court is a motion for summary judgment filed by defendants, Martin Insurance Agency, Inc. ("Martin Agency") and Gemelle Martin Linzy ('Linzy") (Rec. Doc. 9). The Martin Agency and Linzy allege that they are entitled to summary judgment because the claims against them are perempted by Louisiana Revised Statute § 9:5606. The plaintiffs, Christopher R. Schwartz and Susan Schwartz (collectively, "the Schwartzs") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the motion for summary judgment is **GRANTED.**

**I. BACKGROUND**

The Schwartzs own the property located at 422 33rd Street, New Orleans, Louisiana.  In 1993 they obtained a flood insurance policy on this property from Fidelity National Property and Casualty Insurance Company ("Fidelity") through the Martin Agency.  They continuously renewed their policy without increasing their policy limits for some years.  The last relevant renewal occurred on July 2, 2005.

On August 29, 2005, the property was damaged by Hurricane Katrina.  Sometime after the storm, the Schwartzs tried to make a claim on their flood insurance policy and discovered that they did not have the coverage that they assumed they did. As a result, they filed this suit in the Civil District Court for the Parish of Orleans State of Louisiana on August 24, 2006, alleging that the Martin Agency and Linzy are liable to them for various acts of negligence including the defendants' failure to advise the plaintiffs about the proper amounts of insurance coverage for their home, to annually review their coverage, to recommend coverage and to communicate with the Schwartzs about their coverage.  Fidelity removed the action to this court on the basis of federal question jurisdiction.  The Martin Agency and Linzy now seek summary judgment on the claims against them.  They allege that these claims are perempted by Louisiana Revised Statute § 9:5606.

**II. STANDARD OF REVIEW**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable

jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. ANALYSIS

Here, the Martin Agency and Linzy allege that they are entitled to summary judgment because the Schwartzs claims against them are perempted under Louisiana Revised Statute §

9:5606.[1]  The Martin Agency and Linzy claim that the Schwartzs purchased the flood insurance policy in question from Fidelity through them in 1993, over thirteen years before they filed suit. The Schwartzs renewed their policy through the policy period of July 2, 2005 to July 2, 2006. The Martin Agency and Linzy assert that the Schwartzs had no contact with them over the years and that they never requested any changes to their flood insurance policy.  As a result, the defendants argue that the renewals of the flood insurance policy did not constitute issuances of the policy.  Thus, they assert that the peremption period of Louisiana Revised Statute § 9:5606 started running at the initial issuance of the policy in 1993 and was never restarted.

In general, renewals of insurance policies do not operate to restart peremption. *Southern Athletic Club, LLC v. Hanover Insurance Company, et. al.,* 2006 WL 2583406 *3 (E.D.La. 2006) (citing *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 *8 (E.D.La. 2006)).  However, renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages.  *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182, 04-282 (La. App. 5 Cir. 10/26/04).  The inquiry is whether the actions of the insurance agents at the time of renewal can be construed to constitute an act separate from the initial policy procurement.

In this case, the Court finds that the yearly renewals did not constitute an act that was

---

[1] Louisiana Revised Statute § 9:5606 provides in relevant part:
    A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged action, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

separate and distinct from the original purchase of the insurance policy.  The Martin Agency and Linzy, claim and the Schwartzs admit, that they did not have any contact at the time of the renewals.  The Schwartzs passively paid their renewal premiums and did not contact the Martin Agency or Linzy at any time.  Therefore, there could not have been any actions that would constitute separate torts.  Thus, the Schwartzs claims against the Martin Agency and Linzy are perempted by the three year period provided in Louisiana Revised Statute § 9:5606.

  Although the Schwartzs allege that the Martin Agency and Linzy had a duty as insurance agents to advise them of their insurance coverage, to recommend coverage and to communicate with them regarding their coverage, Louisiana law imposes no such duty.  Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested.  *Southern Athletic Club*, 2006 WL 2583406 at *4 (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d. 728, 730-31 (La. 1973)).  An insurance agent's duty is only greater than merely procuring the insurance requested, if the agent holds himself out as performing other duties and the nature of the specific relationship and agreements between the agent and his client reflect that the agent has assumed additional duties.  *Id.,* (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)).  Here, the evidence shows that the Schwartzs did not have any contact with their insurance agents regarding the amount of their flood coverage, nor did they request that the agents review their insurance needs and advise them about the adequacy of their coverage.  Also, there is no evidence that the Martin Agency or Linzy assumed any greater duties or held themselves out as performing greater duties.

**IV. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that the Martin Agency and Linzy's motion for summary judgment is **GRANTED**.

New Orleans, Louisiana, this 12th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE